No. 20,438.

FRANK J. HLADKY et al., *Appellants,* v. JOSEPH F. HLADKY et al., *Appellees.*

SYLLABUS BY THE COURT.

TITLE TO REAL ESTATE—*Deed—Will—Findings of Jury Conclusive.* A judgment will not be disturbed where it is rendered on a jury's findings of fact not contradictory to each other, and where the judgment is consistent with, and supported by, the findings.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed November 11, 1916. Affirmed.

*W. I. Jamison,* and *W. Herbert Jamison,* both of Topeka, for the appellants.

*Clad Hamilton,* and *Clay Hamilton,* both of Topeka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiffs sought to recover an undivided one-seventh interest each in certain real property. Judgment was rendered in favor of the defendants, and the plaintiffs appeal.

Katrina Hladky owned certain real property in Shawnee county. The plaintiffs and defendant Joseph F. Hladky are her children. Defendant Joseph F. Hladky lived with Katrina Hladky on the real property at the time of, and for some time prior to, her death. Some months before she died she executed a deed conveying the real property to Joseph F. Hladky, and at the same time executed a will by which she devised the same real property to him and made certain be-

Hladky v. Hladky.

quests to each of the plaintiffs. The substance of the material allegations of the petition is that at the time of making the deed and will Katrina Hladky was old and weakened by disease, and was of unsound mind; that she was dependent on Joseph F. Hladky for advice and counsel; that a confidential relation existed between Katrina Hladky and Joseph F. Hladky, and that he exercised undue influence over her in procuring the execution of the deed and will; and that he advised the making of the will and superintended its preparation.

The jury answered special questions as follows:

"1. Was Katrina Hladky on the 11th day of October, 1914, of sound mind? Answer. Yes.

"2. Could Katrina Hladky on the 16th day of October, 1914, talk in the English language sufficiently to make herself understood about the matters contained in the will and deed in controversy? Answer. Yes.

"3. Did Katrina Hladky have a stroke of paralysis on and prior to the 16th day of October, 1914? Answer. Yes.

"4. Did Joseph Hladky act as interpreter between Katrina Hladky, and A. E. Moore in the conversations, leading up to the preparation of and writing of the will and deed in controversy? Answer. Yes, all that was necessary.

"5. Did Joseph Hladky for several years prior to the death of his mother receive all of the income from the farm owned by his mother at the time of her death? Answer. Yes, and paid taxes and kept up improvements.

"6. Was Joseph Hladky the confidential agent and advisor of his mother during the last few years of her life, and at the time of the writing and preparation of said will and deed? Answer. Yes, so far as one was necessary.

"7. Did Joseph Hladky at the time of the writing and preparation of said will and deed occupy a position of confidence and trust to his mother? Answer. Yes.

"8. Did Katrina Hladky have any independent advice with reference to the will in controversy other than Joseph Hladky? Answer. Yes.

"9. If you answer number 8 in the affirmative, then state fully who gave Katrina Hladky such independent advice in regard to the said will, what advice was given to her and when such advice was given. Answer. Mr. Zima advised her that to make a will valid, she must make a deed to the property and such advice was given prior to October 16th, 1914.

"10. Was it the intention of Katrina Hladky on the 16th day of October, 1914, to pass the title to her farm to Joseph Hladky and to deprive herself of the title to said premises during her lifetime? Answer. No.

"11. Did Katrina Hladky know and understand on the 16th day of October, 1914, the provisions of the will and its contents? Answer. Yes.

"12. If you answer question number 11 in the affirmative, then state who, if any one explained to Katrina Hladky the meaning, contents and provisions of the will. Answer. Mr. Moore.

"13. Was Katrina Hladky enfeebled by old age and sickness, and partial paralysis at the time of the execution of said will? Answer. Yes.

"14. Was the execution of the will of Katrina Hladky procured by the exercise of undue influence? Answer. No.

"15. Was the execution of the deed of Joseph Hladky obtained by undue influence? Answer. No.

"16. Did Katrina Hladky express her own will and desire in making and signing the will drawn by A. E. Moore? Answer. Yes.

"17. At the time of signing the will was Katrina Hladky under any influence amounting to coercion, compulsion or constraint which destroyed her free agency? Answer. No.

"18. On October 16th, 1914, was Katrina Hladky in such mental condition as to be able to know and understand the business in which she was engaged and the disposition of her property and the manner in which she was willing and disposing of the same? Answer. Yes."

The case is presented to this court on the petition, answers, findings of the jury and judgment of the trial court. The plaintiffs argue that the findings show that Katrina Hladky was so advanced in age, weakened in body and mind, and dependent upon the advice, counsel and guidance of Joseph F. Hladky, that she was incapable of making the deed and will; that in making the deed and will she was advised by Joseph F. Hladky, and denied the counsel and advice of any disinterested third party; that there was no consideration for the deed and will; that there was such a confidential relation between Katrina Hladky and Joseph F. Hladky that he could persuade her in all her business affairs and prevent her from exercising her own will and discretion; that Katrina Hladky did not realize, and was not aware of, the full force and effect of her acts, and did not understand the result of the same. These are questions of fact, and each one is answered by the findings of the jury, contrary to the contentions of the plaintiffs. The findings are not contradictory to each other; they are entirely consistent with each other. They support the judgment rendered and it is affirmed.